IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DARRELL A. STEPHERSON,

    Petitioner,

    v.

MARION CORRECTIONAL
INSTITUTION,

    Respondent.

CASE NO. 2:16-CV-00773
JUDGE GEORGE C. SMITH
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d) and **DENIES** Petitioner's Motion to Hold Action in Abeyance Pending Exhaustion of State Remedies (Doc. 2).

### I. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his October 1994 convictions after a jury trial in the Franklin County Court of Common Pleas on involuntary manslaughter, aggravated murder, and aggravated robbery. The Ohio Tenth District Court of Appeals summarized the procedural history of this case:

> On February 24, 1994, appellant was indicted on two counts of aggravated murder with death penalty specifications, one count of aggravated robbery, and one count of kidnapping. Each of the aggravated murder counts contained the same two death penalty specifications. The indictment arose out of an incident on August 16, 1993, in which two individuals entered the residence of Nathan and Christa Curry. During the events at issue, Nathan Curry, a

1

marijuana dealer, was fatally shot and robbed of marijuana he kept in the residence.

The matter came for trial before a jury beginning October 17, 1994.

The jury returned verdicts finding appellant not guilty of the first count (aggravated murder with prior calculation and design), but guilty of the lesser-included offense of involuntary manslaughter, guilty of the second count (aggravated felony murder), and guilty of the aggravated robbery count. The jury returned a verdict of not guilty on the kidnapping count.

Following a mitigation hearing, the jury recommended a life sentence with parole eligibility after 30 years. By entry filed December 5, 1994, the trial court sentenced appellant to 30 years incarceration on Count 2, with an additional three years pursuant to a firearm specification. The court also sentenced appellant to ten to 25 years on the aggravated robbery count, to be served consecutive with Count 2.

Appellant appealed his convictions, raising two assignments of error in which he argued that the trial court erred in denying his motion for acquittal, and in denying his motion to suppress Christa Curry's in-court identification of him. In *State v. Stepherson*, 10th Dist. No. 94APA12–1805 (Sept. 26, 1995), this court overruled appellant's assignments of error and affirmed the judgment of the trial court.

On December 13, 2012, appellant filed a pro se "motion for relief from legally inconsistent verdict, Civ.R. 60(B)(5)." On December 20, 2012, the state filed a memorandum contra appellant's motion.

On January 7, 2013, appellant filed a motion for leave to file a motion for new trial. In the accompanying memorandum in support, appellant argued he was unavoidably prevented from discovering: (1) eyewitness identification issues in his trial, (2) that the prosecutor tainted the identification, and (3) that appellant was part of a show-up identification. On January 14, 2013, the state filed a memorandum contra appellant's motion for leave to file a motion for new trial. On February 22, 2013, appellant filed a supplement to his motion, which included the affidavits of Shari Berkowitz, Ph.D., and Jen Ruffing.

By decision and entry filed March 14, 2013, the trial court denied appellant's motion for relief from legally inconsistent verdict. Also

> on that date, the trial court filed an entry denying appellant's motion for leave to file a motion for new trial.
>
> On appeal, appellant sets forth the following two assignments of error for this court's review:
>
> Assignment of Error Number One
>
> The trial court erred when it overruled the motion for a new trial.
>
> Assignment of Error Number two
>
> The trial court erred when it overruled the motion regarding inconsistent verdicts.

*State v. Stepherson*, Nos. 13AP-282, 13AP-313, 2013 WL 6506571, at *1–2 (Ohio Ct. App. Dec. 10, 2013). On December 10, 2013, the appellate court affirmed the judgment of the trial court. *Id*. On April 23, 2014, the Ohio Supreme Court dismissed the appeal. *State v. Stepherson*, 138 Ohio St. 3d 1471, 6 N.E.3d 1206 (Ohio 2014). Petitioner also filed a motion to vacate void sentence in the state trial court.[1] (Doc. 1, PageID #: 4). On November 26, 2014, the appellate court affirmed the trial court's decision denying Petitioner's motion. *State v. Stepherson*, No. 14AP-462, 2014 WL 6721411 (Ohio Ct. App. Nov. 26, 2014). On April 29, 2015, the Ohio Supreme Court dismissed the appeal. *State v. Stepherson*, 142 Ohio St. 3d 1453, 29 N.E.3d 1006 (Ohio 2015).

On July 29, 2016, Petitioner executed the instant habeas corpus petition. He asserts that the trial court denied him due process with improper rulings (claim one); unconstitutionally denied his motion for a new trial (claim two); and that he does not have a final appealable order and his sentence is void (claim three). Petitioner intends to amend the petition to include additional claim(s) upon exhaustion of state remedies. (Doc. 1, PageID #: 10).

---

[1] Petitioner indicates that he filed the motion to vacate void sentence on December 13, 2014. (Doc. 1, PageID #: 4). However, it does not appear that such a filing affects the running of the statute of limitations in this case.

3

**II.     DISCUSSION**

    **A.  Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. It provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Where, as here, the petitioner's conviction became final prior to AEDPA's effective date, April 24, 1996, the prisoner had one year from that effective date, or until April 24, 1997, within which to file a habeas corpus petition. *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 1996). Petitioner failed to do so. Further, none of his collateral filings in the state courts tolled the

4

running of the statute of limitations because he filed all such actions long after the statute of limitations had already expired. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Moreover, the record fails to reflect a basis for equitable tolling of the statute of limitations, particularly for the time period at issue here.

In his second claim, Petitioner asserts that he was denied a fair trial because the trial court denied his motion for a new trial based on newly discovered evidence establishing the unreliable witness identifications. (Doc. 1, PageID #: 7). Even assuming, *arguendo*, that the statute of limitations did not begin to run on such claim under the provision of 28 U.S.C. § 2244(d)(1)(D),[2] until July 21, 2014, or ninety days after the Ohio Supreme Court's April 23, 2014, dismissal of his appeal regarding his motion for a new trial, it remains untimely. Under such a scenario, the statute of limitations would have expired on this claim, at the latest, on July 21, 2015. Petitioner nonetheless waited more than one year later, until July 29, 2016, to execute this action. Nothing prevented him from doing so earlier.

---

[2] The state trial court denied Petitioner's motion for a new trial as untimely, concluding that Petitioner had failed to establish that he was unavoidably prevented from earlier discovery of evidence submitted in support of his motion.

> Specifically, the court held in part: "The issues with the reliability, or unreliability, of the eyewitness identification were known in 1994 and no evidence suggests the Defendant could not have discovered those issues." The trial court also addressed the merits of the motion for new trial, holding that a new trial was not warranted in light of this court's prior determination that any error as to the admissibility of the eyewitness identification of Curry–Meinen was harmless.

*State v. Stepherson*, 2013 WL 6506571, at *4. As discussed, the state appellate court affirmed the judgment of the trial court. *Id.*

Petitioner argues additionally, in his third claim, that he has no "final appealable order" in regard to his conviction on involuntary manslaughter.[3] (Doc 1, PageID #: 8; Doc. 2, PageID #: 18). Such allegation does not assist him. "[I]t does not matter, for purposes of determining if the statute of limitations has run, that petitioner claims to be in custody pursuant to a defective, void, or illegal judgment rendered by a state court. The fact remains that this claim had to be brought within one year of the date on which the judgment became final and non-appealable, or, as in this case, by [April 24, 1997]." *Williams v. Knab*, No. 2:11–cv–00537, 2011 WL 2551030, at *3 (S.D. Ohio June 24, 2011) (citing *Fraizer v. Moore*, 252 F. App'x 1, 4 (6th Cir. 2007)).

Finally, the record in this case does not provide a basis for equitable tolling—which federal courts should invoke "sparingly." *Rainey v. Brunsman*, No. 12-cv-292, 2013 U.S. Dist. LEXIS 22179, at *7 (S.D. Ohio Feb. 14, 2013) (internal quotation marks omitted). "A 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). No such showing has been made here, and the Petition is time barred.

### B. Motion to Hold in Abeyance (Doc. 2)

Petitioner requests to hold this action in abeyance pending his exhaustion of state remedies so that he can add an additional claim to his Petition. (Doc. 2). In this respect, Petitioner argues that his convictions on aggravated robbery and murder constitute allied offenses of similar import under Ohio law, and that he was illegally convicted on the basis of inconsistent verdicts or unconstitutional jury instructions. (Doc. 2, PageID #: 18–19). Petitioner

---

[3] The state appellate court rejected this claim, stating: "The fact that this appellate court addressed the merits of Stepherson's prior appeals is an indication that we viewed this court to have jurisdiction to hear the appeals. Had there been no final appealable order, we would have had no jurisdiction to reach the merits of his prior appeals." *State v. Stepherson*, No. 14AP-462, 2014 WL 6721411, at *2 (Ohio Ct. App. Nov. 26, 2014).

apparently intends to pursue these issues in an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). (*Id.*). He relies on *Rhines v. Weber*, 544 U.S. 269 (2005), for his request to hold this case in abeyance.

In *Rhines*, the Supreme Court held that, where the one-year statute of limitations may bar a petitioner who presents a "mixed petition," that is, exhausted and unexhausted claims, from re-filing his habeas corpus petition, the Court may stay the case pending exhaustion in certain limited circumstances. The Court must determine that good cause exists for the petitioner's failure to exhaust his claims first in the state courts. *Id.* at 277. "Moreover, even if a petitioner had good cause for that failure the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Here, however, Petitioner does not present a "mixed" petition, *i.e.,* one containing both exhausted and unexhausted claims, for this Court's review. *See Abgor v. Warden, Ross Corr. Inst.*, No. 2:15-cv-02236, 2016 WL 614575, at *2–3 (S.D. Ohio Feb. 16, 2016) (noting that courts within the Sixth Circuit have declined to extend *Rhines* to petitions containing only unexhausted claims). Instead, the Petition contains only exhausted claims, and Petitioner asserts that he is going to allege an unexhausted claim in the future. (Doc. 2 at 4). As such, this is not a "mixed petition," and *Rhines* does not apply. Moreover, as discussed, this action is time barred in its entirety, and there is no reason to hold this case in abeyance.

7

### III.     CONCLUSION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d) and **DENIES** Petitioner's Motion to Hold Action in Abeyance Pending Exhaustion of State Remedies (Doc. 2).

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.


Date: August 19, 2016                                              /s/ Kimberly A. Jolson
                                                                   KIMBERLY A. JOLSON
                                                                   UNITED STATES MAGISTRATE JUDGE