IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DARRELL A. STEPHERSON,**

      **Petitioner,**

      v.                        **CASE NO. 2:16-CV-773**
                                   **JUDGE GEORGE C. SMITH**
**MARION CORRECTIONAL**        **Magistrate Judge Kimberly A. Jolson**
**INSTITUTION,**

      **Respondent.**

## OPINION AND ORDER

On August 19, 2016, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d), and denying Petitioner's *Motion to Hold Action in Abeyance Pending Exhaustion of State Remedies*. (ECF No. 3). Petitioner has filed an *Objection* to the Magistrate Judge's Report and Recommendation. (ECF No. 6).

Petitioner objects to the Magistrate Judge's denial of his request for a stay of proceedings and recommendation of dismissal of this action as time-barred. Petitioner argues that his conviction does not constitute a final appealable order under Ohio law, and that the statute of limitations therefore has not commenced. He complains that the Magistrate Judge recommended dismissal of this action pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. He claims that this action constitutes a mixed petition, because his claim regarding the lack of a final appealable order and allied offenses of similar import remain unexhausted.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 6) is **OVERRULED**.  The *Report and Recommendation* (ECF No. 3) is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).  Petitioner's *Motion to Hold Action in Abeyance Pending Exhaustion of State Remedies* (ECF No. 3) is **DENIED**.

Petitioner requests the Court to issue a certificate of appealability.  "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).  The petitioner must establish the substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).   This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

Petitioner has failed to meet this standard here. This action is plainly time-barred. Moreover, the record fails to warrant a stay under reflect that a stay is appropriate under *Rhines v. Weber,* 544 U.S. 269 (2005). Reasonable jurists would not debate whether the Court properly dismissed this action as untimely or denied Petitioner's motion for a stay.

Therefore, Petitioner's request for a certificate of appealability is **DENIED.**

    **IT IS SO ORDERED**.

    *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**